[J-81-2020] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| RENEE' A. RICE | : No. 3 WAP 2020 |
| | : |
| | : Appeal from the Order of the |
| v. | : Superior Court entered June 11, |
| | : 2019 at No. 97 WDA 2018, |
| | : reversing the Order of the Court of |
| DIOCESE OF ALTOONA-JOHNSTOWN, | : Common Pleas of Blair County |
| BISHOP JOSEPH ADAMEC (RETIRED), | : entered December 15, 2017 at No. |
| MONSIGNOR MICHAEL E. SERVINSKY, | : 2016 GN 1919, and remanding. |
| EXECUTOR OF THE ESTATE OF BISHOP | : |
| JAMES HOGAN, DECEASED, AND | : |
| REVEREND CHARLES F. BODZIAK | : |
| | : |
| | : |
| | : |
| APPEAL OF: DIOCESE OF ALTOONA- | : |
| JOHNSTOWN, BISHOP JOSEPH ADAMEC | : |
| (RETIRED), MONSIGNOR MICHAEL E. | : |
| SERVINSKY, EXECUTOR OF THE | : |
| ESTATE OF BISHOP JAMES HOGAN, | : |
| DECEASED | : ARGUED:  October 20, 2020 |

## CONCURRING OPINION

**CHIEF JUSTICE BAER**                    **DECIDED:  JULY 21, 2021**

I join the majority opinion in its entirety.  As the majority cogently observes, "Pennsylvania's formulation of the discovery rule reflects the narrower of the two overarching approaches to determining accrual for limitations purposes."  *Wilson v. El-Daief*, 964 A.2d 354, 364 (Pa. 2009).  Under this approach, which is based upon inquiry notice, the commencement of the limitations period is tied to "actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause."  *Id.*

Consistent with this jurisprudence, the majority concludes that the inquiry notice approach to the discovery rule required Renee' Rice "to investigate the Diocese as a potential additional cause of her injuries during the limitations period." Majority Opinion at 29. The majority reaches this conclusion because Rice was aware at the time of each alleged assault that Reverend Charles F. Bodziak caused her injury, and her complaint does not allege that she made any inquiries of the Diocese relating to whether it was aware of Bodziak's alleged criminal conduct or monitored such conduct when placing priests in parishes in the Diocese. Indeed, the majority observes that Rice concedes that she did not make inquiries with the Diocese regarding the matter until the grand jury report was published in 2016, decades after the alleged assaults. *Id.* at 21. Thus, the current governing jurisprudence supports the majority's conclusion that "[b]ecause [Rice's] claims for damages against the Diocese are based on Bodziak's alleged conduct, she was on inquiry notice regarding other potentially liable actors, including the Diocese, as a matter of law." *Id.*

I write separately, however, to reiterate my view that Pennsylvania would be better served by the adoption of a less-restrictive formulation of the discovery rule. *See Wilson*, 964 A.2d at 371 (Baer J., dissenting) (stating, "I would align Pennsylvania with most other jurisdictions adopting the view that equates the term 'injury' with 'legal injury,' and commences the statute of limitations when the plaintiff has actual or constructive knowledge, not of the harm, but of the cause of action associated with such harm"). I believe that the facts of this case illustrate the unduly restrictive nature of our current discovery rule paradigm, as a person in circumstances similar to Rice may not have foreseen that the Diocese, to at least some extent, may have been complicit in the atrocities that allegedly occurred, so as to alert that person to inquire about the Diocese's involvement.

As recently as 2018, in *Nicolaou v. Martin*, 195 A.3d 880 (Pa. 2018), this Court acknowledged the need for a litigant to advocate that we revise our discovery rule jurisprudence by adopting the approach taken by most of our sister states, as suggested by this author in *Wilson,* before the Court entertains the issue. *Id.*, 195 A.3d at 892 n.14. Echoing the sentiments set forth in *Wilson*, the Court in *Nicolaou* found that such a "foundational change"' to Pennsylvania's discovery rule jurisprudence was outside the scope of the grant of allocatur. *Id.* (citing *Wilson*, 964 A.2d at 364). We explained in *Nicolaou* that "[b]ecause Plaintiffs did not preserve this foundational issue below and failed to offer developed argument on appeal, we await a future case to examine whether such a groundbreaking transformation of our discovery rule jurisprudence is warranted." *Id.* We further cautioned that addressing the issue in a case without advocacy and where it was unnecessary to resolve the issue presented "would be unwise and antithetical to principles of judicial restraint." *Id.*

Regrettably, the instant case suffers from the same lack of issue preservation and advocacy regarding whether to expand our discovery rule formulation to adopt the prevailing view that equates the term "injury" with "legal injury," and commences the statute of limitations when the plaintiff has actual or constructive knowledge of the cause of action associated with such harm. Accordingly, the Court is again left to await a future case where the issue is squarely before us.